## Central Ry. Co. v. Michael Mackey.

1. INSTRUCTIONS—*Removing Drunken Passenger from Street Car.*— An instruction which tells the jury that if the plaintiff was under the influence of liquor at the time in question, and the conductor of the street car undertook to remove him because he did not pay his fare, it was the duty of the conductor to act in a prudent manner in removing him, using no more force than was necessary, and if he failed to do 'so, and plaintiff was thereby injured, defendant would be liable for the injury, is proper.

2. SAME—*Contributory Negligence of Drunken Person.*—An instruction which tells the jury that if at the time of the accident and injury complained of, plaintiff was in such a state of intoxication as to render him mentally incapable of ordinary care and caution for his own personal safety, or that by reason of such state of intoxication he contributed to the injuries complained of, he could not recover, is erroneous. Under this instruction it would be necessary for defendant to show only that plaintiff was so intoxicated as to be unable to look after his own safety to relieve it from all responsibility.

Action on the Case, for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

I. C. PINKNEY, attorney for appellant.

ISAAC C. EDWARDS and JOSEPH WILHELM, attorneys for appellee; D. E. CONIGISKY, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On the evening of September 1, 1900, appellee was riding on a street car of appellant in the city of Peoria. He was at the time intoxicated. When the conductor asked him for his fare, appellee placed his hand in his pocket, but as he did not produce it right away, the conductor passed on and afterward came to him a second time. At the second call there were some words between appellee and the conductor and the former raised himself, with his right hand in his pocket as though endeavoring to get his fare. Suddenly he either fell off the car or was pushed off by the conductor and received serious injuries for which

he brought this suit. At that time the car was not in motion, having stopped for a passenger to get on. The declaration, consisting of two counts, charged that the defendant, by its agents and servants, violently assaulted the plaintiff and with great force and violence threw him from the car.

A plea of the general issue was filed. The case has been twice tried. At the first trial there was a verdict for appellee for $625. A motion for a new trial was sustained and at the second trial there was a verdict for $650, for which judgment was entered.

Appellant complains that the evidence was not sufficient to sustain the verdict and that the court erred in giving one instruction for appellee and refusing one offered by appellant. Seven witnesses, including appellee himself, testified that the conductor pushed or threw appellee off the car. All of these witnesses but appellee appear to be absolutely disinterested. Three witnesses testified that the conductor did not push appellee off the car, but that the latter fell off. There is nothing in the record to show that the witnesses testifying on behalf of appellee were not fully as worthy of credit as those testifying for appellant. In this condition of the proof we can not say that the jury erred in believing the majority of the witnesses and that they should have found the other way.

The instruction complained of as given for appellee, told the jury that if the plaintiff was under the influence of liquor at the time in question, and the conductor of the street car undertook to remove him because he did not pay his fare, it was the duty of the conductor to act in a prudent manner in removing him, using no more force than was necessary, and if he failed to do so, and appellee was thereby injured, appellant would be liable for the injury. Under the declaration in this case charging that appellee's injuries were caused by a violent assault made upon him by appellant's servants, and the evidence introduced in support of the same, we think the instruction was entirely proper. The instruction refused for appellant announced

as a rule of law that if at the time of the accident and injury complained of, appellee was in such a state of intoxication as to render him mentally incapable of ordinary care and caution for his own personal safety, or that by reason of such state of intoxication he contributed to the injuries complained of, he could not recover. Under this instruction it would have only been necessary for appellant to show that appellee was so intoxicated as to be unable to look after his own safety to relieve it from all responsibility, even if a willful assault was made upon appellee by one of its servants. The instruction did not state a correct principle of law and was properly refused. The judgment of the court below will be affirmed.